UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROGER CANO, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-11-1554
:
BUREAU OF PRISONS, et al., : (Judge Kosik)
:
    Defendants :

## MEMORANDUM

Roger Cano ("Cano"), an inmate confined at the United States Penitentiary at Allenwood, Pennsylvania, filed this civil rights action on August 22, 2011 pursuant to 28 U.S.C. § 1331. In the caption of the complaint, he names as Defendants the Bureau of Prisons ("BOP"), and the following three (3) doctors who appear to be employed at USP-Allenwood: Ahmed Irshad, M.D., Katherine Laybourn, M.D. and "McLaughlin, M.D." The court notes that Cano also states in the body of the complaint that he names as Defendants the following USP-Allenwood employees: Warden Ricardo Martinez and Physician's Assistant Holtzapper. The Clerk of Court has added these two individuals as Defendants on the docket sheet. In the complaint, Cano raises inadequate medical care claims under the Eighth Amendment with respect to his diabetic condition. He also raises a claim of discrimination.

Cano has filed a motion to proceed in forma pauperis in this matter. ( Doc. 2.) Obligatory preliminary screening pursuant to 28 U.S.C. § 1915(e) reveals that the complaint contains deficiencies which preclude service of the complaint in its present form.[1] Cano's request to proceed in forma pauperis will be granted, and he will be afforded the opportunity to file an amended pleading in this action.

I.  **Allegations of the Complaint**

Cano states that he is a diabetic and is in danger of having his foot amputated. He claims that the BOP has failed to provide him with proper medial care to address his problem. He is unable to walk without a cane and he contends that his health is deteriorating. (Doc. 1, Compl. at 4.) His diabetic problems began while in custody at FCI-Bastrop, apparently a former place of incarceration. While there, Cano claims he was denied proper footwear. He alleges that to date, he is still denied proper footwear for his condition, and that therefore amputation is imminent. He states that the footwear is a must for diabetics if they wish to maintain the use of their feet.

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

According to Cano, on many occasions his feet have become numb and "swollen blue" due to the lack of proper treatment. (Doc. 1 at 5.) He also believes that his race may be part of the problem, claiming that White Caucasians receive better care than Hispanics and Black prisoners. (Id. at 4.) In listing his causes of action which include violations under the 5th, 6th and 8th Amendments, Cano also appears to raise a claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.[2] (Id. at 6.) Cano requests compensatory, punitive and injunctive relief.

## II. Standard of Review

A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, id. at 231 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), but the complaint has to

---

[2] The only proper party in a Federal Tort Claims Act action is the United States. See 28 U.S.C.A. § 1346(b)(1). Cano fails to name the United States as a defendant in this action.

plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

### III. Discussion

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.[3] Natale v. Camden County

---

[3] While Cano's action is against federal defendants, and is properly construed as an action under Bivens v. Six Unknown Names Agents, 403 U.S. 388 (1971), rather than § 1983, the same result obtains. "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d

4

Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A civil rights complaint is adequate if it states the conduct, time, place and persons responsible for the alleged civil rights violations. Evancho, 423 F.3d at 353. There is no respondeat superior liability in § 1983 actions. Id.

Based upon the above legal standards, any claims against the Defendants named in this action are subject to dismissal in that Cano fails to set forth any allegations against them in the complaint. He does not assert how any of the named Defendants participated in the denial of his right to adequate medical care, the reasons for doing so, or where and when each Defendant was involved in any of the alleged wrongdoing. Without more specificity, it is impossible to find that Defendants played any role in the deprivation of Cano's constitutional rights. Thus, based on the present complaint, Cano's § 1331 complaint against Defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim upon which relief may be granted against them. Although the complaint as filed fails to

---

1402, 1409 (3d Cir. 1991).

state a cause of action against any of the named Defendants, it is possible that the deficiencies may be remedied by amendment. Thus, he will be granted twenty (20) days to file an amended complaint.

If Cano opts to amend, his amended complaint should be short and plain, see Fed. R. Civ. P. 8(a), and must aver what each individual named defendant did that led to a deprivation of his constitutional or other federal rights. Iqbal, supra, 129 S. Ct. at 1948-49. Cano is also advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Cano's failure to file an appropriate amended complaint will result in the dismissal of this action. An appropriate order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROGER CANO, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-11-1554
:
BUREAU OF PRISONS, et al., : (Judge Kosik)
:
    Defendants :

## ORDER

NOW, THIS 27Th DAY OF SEPTEMBER, 2011, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **granted**.

2. The claims against all Defendants are dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

3. Plaintiff is afforded twenty (20) days from the date of this order to file an amended complaint.

4. The Clerk of Court is directed to send Plaintiff two (2) copies of this court's civil rights complaint form which he shall use in preparing any amended complaint.

5. Failure to file an amended complaint will result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

EDWIN M. KOSIK
United States District Judge